UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| XINLU FAN, LIANG'E FAN, SHAOCHUN FU, JIANHUA GU, FENGYING LI, MINGXIA LI, YONGNIAN SHI, CHENLIN WANG, SHUWEN WU, HAIJUN ZHOU, and XIAOFANG ZHOU,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION; QUARTZBURG GOLD, LP; ISR CAPITAL, LLC; IDAHO STATE REGIONAL CENTER, LLC; and SIMA MUROFF,<br><br>Defendants. | CASE NO. C19-1545RSM<br><br>ORDER DENYING MOTION TO DISMISS AND DENYING MOTION FOR DEFAULT |

This matter comes before the Court on Plaintiffs' Motion for Default against Defendant Sima Muroff, Dkt. #86, and Sima Muroff's Motion to Dismiss for failure to serve, Dkt. #90.

Federal Rule of Civil Procedure 4(m) states in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

ORDER DENYING MOTION TO DISMISS AND DENYING MOTION FOR DEFAULT – 1

The Court agrees with Plaintiffs that this case should be decided on the merits, if possible. *See* Plaintiffs' Opposition to Defendant Sima Muroff's Motion to Dismiss, Dkt. #93 at 1 (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). No doubt filed in response to Plaintiffs' Motion for Default, Mr. Muroff's Motion argues it has been more than 90 days since the Amended Complaint was filed, that he was never served, and that Rule 4(m) requires dismissal. Dkt. #90. Plaintiffs submit a declaration of their attorney stating: "Counsel of record for Plaintiffs in this action, John Rapp, emailed the Complaint to Muroff's former counsel, Eric Swartz. Muroff's former counsel, Eric Swartz, accepted service of the Complaint on behalf of Muroff on October 28, 2019…. Swartz, never filed an answer to the Complaint in this action nor did he ever file an appearance." Dkt. #92 at 2. Plaintiffs attach a copy of a waiver of service signed by Eric Swartz. Dkt. #92-2. Plaintiffs attach a copy of an email chain between Mr. Rapp and Mr. Swartz reflecting this arrangement, Dkt. #92-1, as well as a later email chain including Mr. Swartz, Dkt. #92-3. Mr. Muroff, acting pro se, has not filed a reply or otherwise responded to this evidence. *See* Docket.

Plaintiffs apparently assumed that Mr. Swartz would file a waiver of service and make an appearance in this case, then forgot about this issue for several years. It is clear to the Court that default is not appropriate in this case as Mr. Muroff was never served with the Amended Complaint. However, dismissal under Rule 4(m) is also inappropriate, as Plaintiffs relied on Mr. Swartz in good faith. The Court notes that this case has proceeded in parallel with Case No. 16-cv-1109-RSM, involving the same underlying facts and the same attorneys, where Mr. Muroff was represented by Mr. Swartz until June 16, 2020. The Court finds it highly unlikely that Mr. Muroff has been in the dark as to this action. Given all of the above, the Court will not dismiss this case and instead extend the time for service by 30 days from today's date.

ORDER DENYING MOTION TO DISMISS AND DENYING MOTION FOR DEFAULT – 2

Accordingly, having reviewed the above Motions, along with the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Default against Defendant Sima Muroff, Dkt. #86, and Sima Muroff's Motion to Dismiss for failure to serve, Dkt. #90, are DENIED.  Plaintiffs have 30 days from today's date to serve Sima Muroff with the Amended Complaint.

DATED this 9th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO DISMISS AND DENYING MOTION FOR DEFAULT – 3